REGAN, Judge.
Plaintiff; Frederick J. White, á-real estate salesman, brought this suit against defendant, his employer, John A. Cole, a licensed real estate agent, endeavoring to-recover the sum of $525, which represents one-half of a commission allegedly earned" by virtue of the sale of certain real estate-in, conformity with an agreement, whereby plaintiff would receive one-half of the total commission earned emanating from • any real estate sold through defendant’s office,, provided plaintiff had procured, the “listing” of the property.
Defendant answered admitting that the plaintiff was in his employ under the foregoing agreement at the time that the property was sold, and that a commission of $1,250 was paid by the vendors of the property, John P. and Andrew J. Meibáum, to the defendant, but denied that plaintiff was entitled to a commission growing out of the sale for the reason that there was no-written listing of the property with defendant’s agency by the vendors thereof. •
From a judgment in favor of plaintiff as-prayed for defendant has prosecuted this: appeal.
Since the defendant-has admitted all but one of the essential allegations of plaintiff’s petition, it is very evident that the-only question which is posed for our consideration is one of fact and, that is, whether plaintiff procured or “listed” the Mei-baum -property for sale through the medium of the defendant’s real estate agency?
Plaintiff testified that he procured or listed the Meibaum property to be sold'through-the medium of defendant’s agency. On *409 the other hand, defendant insisted that he had .no knowledge whatsoever of plaintiff having initially contacted the Meibaum brothers or of procuring a listing of their property to be sold through his agency. He stated that he visited them himself and merely took plaintiff along “for the ride.”
The only disinterested witness, whose testimony appears in the record, is that of Andrew J. Meibaum, one of the vendors, who fully corroborated plaintiff’s version of the matter. He said that he had been initially contacted by plaintiff and that it was through plaintiff’s efforts that his property ■was listed to be sold by the defendant.
It would make no difference in the result which we have reached herein whether the listing or procuring of the property tó be sold through defendant’s real estate agencyj was obtained orally or in writing, since plaintiff has proved by a preponderance of the evidence that he initially contacted Mei-baum, who agreed to permit defendant to ■offer his property for sale.
We are in full accord with the reasons for judgment emanating from the trial court:
“The court is of the opinion that there was an agreement between plaintiff and defendant to the effect that plaintiff would receive one-half of the commissions earned on property plaintiff brought into defendant’s real estate office to. sell, call it a listing, or what you will.
“Plaintiff testified that he brought in or ‘listed’ the Meibaum property; that he was the first person to contact Mr. Meibaum; he is corroborated by Mr. Meibaum, who contradicted defendant. The evidence on this point preponderates with plaintiff.
“The Meibaum property was sold to three persons, one of whom was defendant, who collected a full commission on the sale, and kept it.”
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.